1
2
3
4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6
7

LEE BROWNSTEIN, ET AL.,

No. C-05-3435 JCS

8

Plaintiffs,

9

v.

10

AMERICAN AIRLINES,

11

Defendant.
_____/

12

**ORDER GRANTING MOTION FOR
ORDER OF TRANSFER BY
DEFENDANT AMERICAN AIRLINES,
INC. AND TRANSFERRING ACTION TO
THE UNITED STATES DISTRICT
COURT FOR THE CENTRAL DISTRICT
OF CALIFORNIA [Docket No. 19]**

13

## I.    INTRODUCTION

14          On Friday, January 13, the Motion for Order of Transfer by Defendant American Airlines,

15    Inc. ("the Motion") came on for hearing.  For the reasons stated below, the Motion is GRANTED.

16

## II.    BACKGROUND

17          This action arises out of events that occurred on June 27, 2004, when Lee and Lana

18    Brownstein, who are residents of Los Angeles County, were scheduled to fly from New York -

19    Kennedy International Airport to Los Angeles International Airport on American Airlines Flight

20    241.  First Amended Complaint ("FAC") at 1, ¶ 1 and 2, ¶¶5, 9.  Plaintiffs allege that when they

21    boarded the plane in New York and went to their assigned seats, they found that the third seat in the

22    row of three was occupied by "an exceedingly large man whose bulk was too great for the single

23    seat he had paid for."  *Id*.  Plaintiffs complained to members of the cabin crew.  *Id*. at 2, ¶ 5.  The

24    events that ensued are disputed, but it is undisputed that ultimately, Plaintiffs were requested to

25    disembark the aircraft.  *Id*.  Eventually, they were allowed to board a later flight to Long Beach

26    Airport.  *Id*.  Because Plaintiffs had flown out of Los Angeles International Airport, they were

27    required to take a taxi home and retrieve their car and baggage the next day. *Id.*

28

**United States District Court**
For the Northern District of California

1   On June 8, 2005, Plaintiffs initiated this action in the Superior Court for the County of

2   Alameda and on August 19, 2005, Plaintiffs filed the First Amended Complaint.  In the First

3   Amended Complaint, Plaintiffs asserted six claims: 1) Negligent and Intentional Infliction of

4   Emotional Distress; 2) False Imprisonment; 3) Defamation; 4) Breach of Contract; 5) Violation of

5   California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq.*; and 6) Remedies

6   under the Consumer Legal Remedies Act.

7   Defendant, American Airlines, removed the action to this Court on August 24, 2005, and

8   subsequently filed a motion to dismiss.  In an order dated November 7, 2005, the Court dismissed

9   Plaintiffs' claims for False Imprisonment, Unfair Competition and Remedies under the Consumer

10  Legal Remedies Act.  Plaintiffs' claims for Negligent and Intentional Infliction of Emotional

11  Distress, Defamation and Breach of Contract survived Defendant's motion to dismiss.

12  Defendant now brings a motion to transfer on the basis of convenience under 28 U.S.C. §

13  1404(a), asserting that the case should be transferred to the Central District of California.  Defendant

14  points out that the Brownsteins, three out of six of the passengers who witnessed the events at issue

15  and both crew members who wrote event reports are located in the Central District.  In addition,

16  Defendant asserts that none of the relevant events occurred in this District and no individuals who

17  have been identified as witnesses reside in this District.  According to Defendant, Plaintiffs' only

18  connection with this District is that their attorney practices here.

19  Plaintiffs do not dispute that the events at issue have no connection to this District.  Nor do

20  they identify any potential witness or evidence located in this District.  Further, Plaintiffs concede

21  that this District is an inconvenient forum for them but assert that their choice of forum should be

22  honored, nonetheless, because in choosing it, they considered factors "such as court congestion and

23  jury pools."[1]

24

25  [1]One day prior to the hearing on the Motion, Plaintiffs e-filed a "Suggestion of Remand" in
    which they suggested that the Court sua sponte remand the action to state court.  At the hearing, the
26  Court indicated that it would not remand sua sponte but would permit Plaintiffs to file a motion to
    remand.  The Court further indicated that it would not decide the motion to transfer until the motion to
27  remand was resolved.  In response, Plaintiffs agreed that they would not file a motion to remand and on
    that basis, the Court determined that it was appropriate to resolve Defendant's transfer motion at this
28  time.

2

**United States District Court**
For the Northern District of California

**III.    ANALYSIS**

Pursuant to 28 U.S.C. § 1404(a), a case may be transferred to any district where venue is proper "[f]or the convenience of parties and witnesses, in the interest of justice."   The district court has discretion to transfer cases based on the individualized facts of each case and considerations of convenience and fairness.   *Jones v. GNC Franchising, Inc.*, 211 .3d 495, 498 (9th Cir. 2000).   In determining whether to transfer an action under § 1404(a), courts may consider the following factors: "(1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof."   *Id*. at 498-499.

Here, the parties do not dispute that venue in the Central District of California – in which Los Angeles County is located – is proper.   Thus, Defendant's Motion turns on whether transfer is "[f]or the convenience of parties and witnesses [and] in the interest of justice."   As discussed below, the Court concludes that transfer is warranted.   In reaching this conclusion, the Court is particularly influenced by the fact that: 1) there is no connection between the facts of this case and this District (as Plaintiffs concede); and 2) the outcome of the case may well turn on the testimony of witnesses – possibly in the form of live testimony at trial – and the majority of the party and non-party witnesses who have been identified reside in the Central District.

**A.    Convenience of Parties and Plaintiffs' Choice of Forum**

Defendant asserts that a transfer is appropriate because the Central District is not less convenient for Plaintiffs but rather, is *more* convenient for them.   Further, to the extent a plaintiff's choice of forum is normally afforded deference, Defendant argues, that deference is slight in cases in which the plaintiff has no contacts with the forum and in which the relevant events occurred outside the forum.   *See Unisys Corp. v. Access Co., Ltd.*, 2005 WL 3157457 (N.D. Cal.) (holding that where plaintiff did not have principal place of business in forum and where operative events did not occur in forum, plaintiff's choice of forum was entitled to only minimal consideration).   Plaintiffs do not

United States District Court
For the Northern District of California

1    dispute that the Central District would be more convenient for them.  Nor do they dispute that their

2    choice of forum is entitled to less deference under these circumstances.  Nonetheless, they assert that

3    "less deference does not mean no deference at all" and therefore, their choice of forum should be

4    respected.

5            The Court concludes that Plaintiffs' choice of forum should be afforded little deference.

6    Plaintiffs do not dispute that they have no relevant contacts with this District.  They also concede

7    that in choosing this District, they were simply seeking a forum in which there would be less court

8    congestion and a more sympathetic jury.  *See Reiffin v. Microsoft*, 104 F. Supp. 2d 48, 54 n. 12

9    (D.D.C. 2000) (plaintiff's choice of forum is given little deference where it is apparent plaintiff is

10   engaged in forum shopping and where alternate forum is equally convenient).  Further, any

11   deference afforded is outweighed by the fact that the Central District is a more convenient forum for

12   Plaintiffs than this District.

13           **B.        Convenience of Witnesses and Ease of Access to Proof**

14           "To demonstrate an inconvenience to witnesses, the moving party must identify relevant

15   witnesses, state their location and describe their testimony and its relevance."  *Unisys Corp. v.*

16   *Access Co., Ltd.*, 2005 WL 3157457 at * 4 (quoting *Security and Exchange Commission v. Rose*

17   *Fund, LLC,* 2004 WL 2445242 (N.D. Cal.)).  Defendant has identified six passengers who witnessed

18   the relevant events, three of whom reside in the Central District of California and three of whom

19   reside in New York.  *See* Declaration of Todd C. Worthe, Esq. in Support of Motion to Transfer

20   ("Worthe Decl."), ¶ 5.  One of these passengers, Anna Ruiz, has provided a written statement

21   describing the events at issue, which Defendant filed in support of the Motion.  *See* Worthe Decl.,

22   Ex. E.  Defendant has also presented evidence that the two flight attendants who wrote event reports

23   about the events at issue, Monica Balderrama and Ashley Murphy, are based in Los Angeles.  *See*

24   Worthe Decl., ¶¶ 7-8.   These reports also were filed in support of the motion.  Worthe Decl., Exs. F

25   & G.   One of them, by flight attendant Monica Balderrama, states that she was not personally

26   involved in the events but rather, learned of the facts described in the report from the flight

27   attendants who were involved.  *Id.*, Ex. G.  Finally, Defendant notes in its Reply brief that because

28

4

**United States District Court**
For the Northern District of California

1  Plaintiffs reside in the Central District, so will the medical expert retained to examine Plaintiffs in

2  connection with their claim for emotional distress damages.

3        Plaintiffs counter that Defendant has only established that a transfer will be convenient for

4  one passenger witness, Anna Ruiz, and one flight attendant, Ashley Murphy, because these are the

5  only witnesses identified for whom Defendant has offered admissible evidence concerning their

6  possible testimony.  In particular, Plaintiffs assert that the report by Monica Balderrama should not

7  be considered because it is hearsay.  As to the remaining witnesses, Plaintiffs note that several reside

8  outside California and thus will not be affected by a transfer.

9        The Court rejects Plaintiffs' position.  Plaintiffs have cited to no authority indicating that

10  Defendant must present admissible testimony by the potential witnesses where, as here, it is

11  undisputed that the individuals who have been identified witnessed the disputed events and the

12  relevance of their testimony is obvious.  Even as to Monica Balderrama, who acknowledges that she

13  was not involved in the events at issue, it is entirely conceivable that her testimony may be relevant

14  and admissible at trial under an exception to the hearsay rule.  The Court agrees with Plaintiffs that

15  the convenience of the out-of-state witness will likely be unaffected in any significant way by a

16  transfer.  However, it does not discount the significance of the fact that five of the eight non-party

17  witnesses identified reside in the Central District and the medical expert will also almost certainly

18  reside in the Central District.  Should this action proceed to trial, the testimony of these witnesses

19  will likely be of great significance.  Therefore, the Court concludes that the convenience of the non-

20  party witnesses and access to proof support transfer.

21      **C.**    **Contacts with the Forum**

22        Another factor the Court considers significant is the absence of any connection between the

23  events at issue in this case and the Northern District of California, which Plaintiffs do not dispute.

24  Nor are the contacts between this District and the parties significant.  Indeed, Plaintiffs have none

25  other than their counsel's office address, which is not to be considered under § 1404(a).  *See E & J*

26  *Gallo Winery v. F. & P.S.P.A.*, 899 F. Supp. 465, 466 (N.D. Cal. 1994).  Therefore, this District has

27  no interest in this action.  In contrast, the contacts with the Central District of California are

28  substantial.  The Central District of California is where Plaintiffs purchased the tickets that

constitute the contract allegedly breached and where Plaintiffs reside.  It is also where Plaintiffs were attempting to fly when the relevant events occurred and where they allegedly incurred the inconvenience of retrieving their car.  Under these circumstances, the Central District clearly has a greater interest in the litigation than this District, supporting transfer to the Central District.

**IV.    CONCLUSION**

Plaintiffs have filed this action in the Northern District, even at their own admitted inconvenience, in the hopes of obtaining a favorable forum.  In light of the lack of local interest and the substantial contacts with the Central District, the Court concludes that transfer to the Central District is in the interest of justice.

The Motion is GRANTED.  The Clerk is instructed to forward the file in this case to the Central District of California.

IT IS SO ORDERED.

Dated: January 13, 2006

_____
JOSEPH C. SPERO
United States Magistrate Judge

United States District Court
For the Northern District of California

6